### GORDON NOWLAN & another *vs.* PETER CAIN.

An action for deceit in the sale of personal property may be sustained for fraudulent mis representations by one engaged in the business of jobbing to a purchaser of his property and the good will of his business, that he had four stands and constant employment, and that one of his horses cost him over two hundred dollars and was sound.

An action for deceit in the sale of goods and of business stands and the good will of a business may be sustained, although a bill of sale was given of the goods, which contained no warranty, and no mention of the stands or good will.

An action for deceit in the sale of personal property may be sustained by proof that the matters respecting which the misrepresentations were made were peculiarly, though not exclusively, within the knowledge of the defendant.

TORT. The declaration alleged that the defendant sold to the plaintiffs three horses, four wagons, four harnesses, three leighs, and certain stable utensils, together with the good will of his jobbing business in Boston, for which the plaintiffs paid to him $2300. And to induce the plaintiffs to make said purchase, the defendant falsely and fraudulently represented to them

that his business was profitable and gave him constant employ-
ment, and that he had four stands in Boston, and one of his horses
cost him over $200, and was a sound and good horse, and he de-
sired to sell out only because of his ill health and consequent
inability to work : of all which the plaintiffs knew nothing, but
relied on the representations of the defendant, and were thereby
induced to make the purchase. And the various representations
were false.

At the trial in the superior court, before *Russell*, J., after the
close of the plaintiffs' evidence, the defendant moved for a nonsuit,
on the ground that the declaration set forth no legal cause of
action ; but the judge overruled the motion. The evidence
showed that the defendant, by a written bill of sale, which con-
tained no warranty, sold to the plaintiffs the horses, wagons,
harnesses, sleighs and stable utensils for $2300, and that prior
to the sale he represented to them that all of the horses were
good and true, but that one in particular was good and true to
work in every shape, and had cost him over $200 ; that he kept
no books, but his business was as good a paying business as
there was in Boston ; that he had all he could do, and was going
to add another team ; and that he had four stands, the loca-
tions of which were described. There was much evidence to
show that these representations were false and fraudulent, at the
close of which the defendant asked the judge to instruct the
jury that " the evidence would not sustain an action," which he
refused to do. The defendant also requested a further instruc-
tion, which, with the instructions given to the jury, appears in
the opinion.

The jury returned a verdict for the plaintiffs, with $641.26
damages ; and the defendant alleged exceptions.

*E. Pearson*, for the defendant.

*G. H. Kingsbury*, for the plaintiffs, was not called upon.

HOAR, J. These exceptions cannot be sustained.

1. The defendant asked the court to order a nonsuit, because
no cause of action was stated in the declaration. This would
have been a good cause of demurrer, and advantage should
have been taken of it in that form, if the objection were well

founded, or by the request that some appropriate instructions should be given to the jury. But the declaration does set forth a good cause of action. It alleges the sale by the defendant to the plaintiffs of certain property, and that the plaintiffs were induced to purchase it, and pay much more than its value, by reason of certain false and fraudulent representations made by the defendant for the purpose of deception, and with knowledge of their falsity. Some of the representations alleged may not be such as would give a right of action, but many of them certainly are, and they were properly distinguished in the instructions of the court.

2. After the evidence was in, the defendant asked the court to rule that it would not maintain an action. There were various false representations proved, as an inducement to the sale, some of which undoubtedly came under the head of dealers' talk, and would be insufficient to maintain an action according to the rule which was given to the jury. But there were others to which the jury were warranted in giving a different character. Such were the representations that a horse sold was good and true to work, if he was vicious and incapable of any useful employment; that the defendant had stands for business which he could transfer to the plaintiffs, if he had none ; and as to the amount and extent of the business. The bill of sale of the property was conclusive to show that no warranty was given; but it did not prove conclusively that no false representations had been wilfully made to induce the purchase. Nor did the giving of a bill of sale of the horses and carriages, in which no mention was made of the stands or good will of the business, prove that the latter were not sold to the plaintiffs.

3. No exception was taken to any variance between the declaration and the proof. If there had been, the difficulty might have been obviated by an amendment.

4. The defendant requested the court to instruct the jury tha a naked assertion by the defendant, with regard to the quality, character or condition of the property sold, although false and known to be false by the defendant, is not actionable unless the plaintiffs can show that the assertion so made is *exclusively*

within the knowledge of the defendant, and that it was such a fact asserted as would naturally deceive any man of ordinary sagacity, intelligence and prudence, and that the plaintiffs were induced to purchase by such assertion, and that the defendant intended to deceive them." The judge did so instruct the jury, excepting that he substituted the word " peculiarly " in plac. of the word " exclusively," and the defendant excepted. Th change in the ruling requested was clearly right. The question was not whether any other person than the defendant could possibly know the fact respecting which the false assertion was made, but whether the plaintiffs knew it, or could have known it by the exercise of due care and prudence, and whether the defendant intentionally deceived them respecting it.

*Exceptions overruled.*